IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YOANDRY RAMIREZ-GAVILAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-2052-RP |
| | § | |
| CHARLOTTE COLLINS, *Warden of the T.* | § | |
| *Don Hutto Detention Center*, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Petitioner Yoandry Ramirez-Gavilan's ("Petitioner") Motion for Urgent Remedy and Sanctions. (Dkt. 12). Respondents Pamela Bondi, Todd M. Lyons, Kristi Noem, and Miguel Vergara, in their official capacities, (together, "Respondents") filed a response, (Dkt. 13). Having considered the motion, the record, and the relevant law, the Court will deny Petitioner's Motion.

## I. BACKGROUND

This Court granted Petitioner's habeas petition on January 17, 2026 and ordered him released from custody. (Order, Dkt. 10). In doing so, the Court ordered that Respondents "shall release Petitioner under conditions no more restrictive than those in place prior to the detention at issue in this case." (*Id.* at 12). On January 18, 2026, Petitioner was released from custody pursuant to this Court's order. Petitioner contends that upon release, Respondents "arbitrarily changed Petitioner's reporting schedule from annual check-ins to semi-annual (every six months) appointments." (Mot., Dkt. 12, at 2).

## II. LEGAL STANDARD

Although Petitioner styles his Motion as seeking an "urgent remedy and sanctions," the Court sees fit to construe his Motion as seeking an order of contempt because it requests a finding

1

that Respondents have acted in violation of the Court's Order, (Dkt. 10). (Mot., Dkt. 12). Courts may impose sanctions for civil contempt as exercises of their inherent powers to protect their proper functioning and ensure "submission to their lawful mandates." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). Generally, "[j]udicial sanctions in civil contempt proceedings [are] employed for either or both of two purposes: to coerce the defendant into compliance with the court's order [or] to compensate the complainant for losses sustained." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000). Petitioner, as the party seeking a finding of contempt, "bears the burden of establishing by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

## III.  DISCUSSION

The Court finds that Petitioner has not met his burden of demonstrating that this Court should hold Respondents in contempt of its Order, (Dkt. 10). It is not apparent from the Court's Order, nor Petitioner's Motion, that a semi-annual reporting schedule is more restrictive than an annual reporting schedule. The Court believes that any additional restraint imposed from reporting twice a year instead of once a year does not constitute a clear violation of its Order. Petitioner also does not cite authority suggesting that, prior to the instance of detention that the Court found unlawful, Respondents would have been unable to lawfully change his reporting frequency from annual to semi-annual. Finally, Petitioner does not provide evidence to substantiate his allegations of his reporting frequency before and after his detention and release. For these reasons, Petitioner fails to establish that Respondents violated this Court's order by "clear and convincing evidence." *Martin*, 959 F.2d at 47.

### IV.  CONCLUSION

Petitioner has not demonstrated that a finding of contempt of court is warranted.

Accordingly, **IT IS ORDERED** that Petitioner's Motion, (Dkt. 12), is **DENIED**.

**SIGNED** on March 25, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3